Grant H. Lawson WSB #6-4260
R. Todd Ingram WSB #6-3910
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY  82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com
todd@metierlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF WYOMING

| | |
|---|---|
| JOSEPH GALVIN and<br>ERICA GALVIN, husband and wife,<br><br>   Plaintiffs,<br><br> vs.<br><br>DEALER'S CHOICE TRUCKAWAY<br>SYSTEM, INC., a Missouri Corporation;<br>GERALD CARTER, an individual;<br>CESAR LOMELI, an individual;<br>JERRY HANSEN d/b/a HANSEN<br>TRUCKING; JOHN DOE COMPANIES<br>I-IV;<br><br>   Defendants. | Case No. |

---

### COMPLAINT AND JURY DEMAND

---

**COME NOW**, Plaintiffs, by and through their undersigned attorneys, and for a Complaint

against the Defendants listed above, state and allege as follows:

### PARTIES

1. Plaintiffs, Joseph Galvin and Erica Galvin, husband and wife, are and were at all

times relevant residents of Jackson County, Central Point, Oregon.

2. Defendant, Dealer's Choice Truckaway System, Inc. (hereinafter "Defendant

Truckaway") is a for-profit corporation organized and existing under the laws of the State of Missouri with its principal place of business at 2310 S. Redwood Ave, Independence, Missouri, 64057.

3.     At all times relevant hereto, Defendant Truckaway was an interstate motor carrier authorized by the U.S. Department of Transportation to operate commercial motor vehicles for profit throughout the United States, including the State of Wyoming, with the USDOT# 255166.

4.     Upon information and belief, Defendant Gerald Carter (hereinafter "Defendant Carter") is and was at all times relevant to this Complaint, a resident of Houston, Texas.

5.     Defendant Cesar Lomeli (hereinafter "Defendant Lomeli") is and was at all times relevant to this Complaint, a resident of South Weber, Utah.

6.     Defendant Jerry Hansen, d/b/a Hansen Trucking (hereinafter "Defendant Hansen") is and was at all times relevant to the Complaint, a resident of Hartford, South Dakota.

7.     At all times relevant hereto, Defendant Hansen was an interstate motor carrier authorized by the U.S. Department of Transportation to operate commercial motor vehicles for profit throughout the United States, including the State of Wyoming, with the USDOT# 2018088.

## JURISDICTION AND VENUE

8.     *Subject Matter Jurisdiction.*   Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the parties are citizens of different states.

9.     *Venue.*  Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this complaint occurred in Wyoming.

## GENERAL ALLEGATIONS

10.     All preceding paragraphs are incorporated herein by reference.

11.     On March 6, 2019, Defendant Carter was employed as a commercial truck driver by Defendant Truckaway.

12.     On March 6, 2019, Defendant Carter was driving a 2014 Morgan Straight Truck, VIN 3HAMMMML8FL039850, License Plate DA81CB.

13.     Upon information and belief, Defendant Truckaway owned the 2014 Morgan Straight Truck driving by Defendant Carter at the time of the crash.

14.     Upon information and belief, Defendant Truckaway provided the 2014 Morgan Straight Truck to Defendant Gerald Carter to use in the regular course and scope of his employment.

15.     Upon information and belief, Defendant Carter was operating his CMV under authority of a Texas State Commercial Driver's License.

16.     On March 6, 2019, Defendant Hansen d/b/a Hansen Trucking was driving a 2013 Peterbilt CBE, 1XPXD49X6DD179202, License Plate PR29477.

17.     Upon information and belief, Defendant Hansen, d/b/a Hansen Trucking owned the 2013 Peterbilt CBE he was driving at the time of the crash.

18.     Upon information and belief, Defendant Hansen was operating his CMV under authority of a South Dakota State Commercial Driver's License.

19.     On March 6, 2019, Defendant Lomeli was driving a 2005 Toyota Corolla, VIN 1NXBR30E45Z355258, License Plate UT V0189EZ.

20.     On March 6, 2019, Plaintiff Joseph Galvin was driving a 2008 Dodge Charger, VIN 2B3KK53H18H175212, license plate WY 19-11507.

3

## CRASH

21.     On March 6, 2019, at approximately 8:50 p.m., Plaintiff Joseph Galvin and the Defendants were involved in a chain reaction motor vehicle collision on Interstate 80 eastbound, near mile-marker 21, in Uinta County, Wyoming, at approximately 41.2991375 latitude, 110.6766867 longitude.  (Hereinafter referred to as the "Subject Crash").

22.     On the day of the Subject Crash, Gerald Carter in the Truckaway CMV, and the Plaintiff were traveling eastbound on Interstate 80 in Uinta County, Wyoming.

23.     There were hazardous road conditions on Interstate 80, near milepost 21 at the time of the subject crash due to rain and snow and a sudden freeze - which covered the roads in black ice.

24.     Defendant Carter was in the front of the pack of six vehicles when he lost control of his CMV on the slick, icy road and began swerving back and forth across the roadway.

25.     The rear bumper of Defendant Carter's vehicle struck the front bumper of another vehicle, a 2016 Chevrolet Silverado driven by Kim Peterson.

26.     That collision caused Kim Peterson's vehicle to spin into the guardrail, striking it with the front grill.

27.     Plaintiff Joseph Galvin was behind Kim Peterson and collided with Mr. Peterson's truck, causing them both to spin to the south side of the roadway.

28.     Both Plaintiff Joseph Galvin and Mr. Peterson's vehicles stopped in a perpendicular position to the roadway.

29.     Defendant Lomeli then collided with ("t-boned") Plaintiff Galvin's vehicle in the driver's side door and came to a stop.

30.     Defendant Hansen later came upon the crash and as he was passing by the scene

struck Plaintiff Galvin's vehicle and continued down the roadway stopping ahead.

31.     Defendant Carter was driving too fast for conditions and did not slow down significantly or pull off the road despite the slick, snow-covered highway and limited visibility.

32.     Defendant Carter failed to keep a proper lookout, drive safely according to the dangerous conditions and failed to keep control of his CMV at the time of the Subject Crash.

33.     Defendant Carter continued forward at a dangerous and reckless speed and struck Mr. Peterson's vehicle, causing a chain of events in the subsequent collisions.

34.     Defendant Hansen was driving too fast for conditions and did not slow down significantly or pull off the road despite the slick, snow-covered highway and limited visibility, nor for the wreck ahead.

35.     Defendant Hansen failed to keep a proper lookout, drive safely according to the dangerous conditions and failed to keep control of his CMV at the time of the Subject Crash.

36.     As a result of the collisions, the Plaintiff Joseph Galvin suffered serious and permanent injuries.

## HAZARDOUS CONDITIONS

37.     The hazardous road conditions were captured by electronic recording devices placed along the Interstate-80 corridor and made available to the public by the National Weather Service.

38.     Upon information and belief, on the day of the accident, WYDOT had posted warnings about the hazardous road conditions on electronic sign boards in locations leading up to the accident location which the Defendants' would have passed as they travelled on Interstate 80.

39.     Upon information and belief, Defendants Truckaway and Hansen utilize technology and communications systems which allow them to capture, collect, record and analyze

data about weather and road conditions in real time which they then use to transmit instructions to their drivers in order to avoid hazardous conditions or unsafe roadways.

40.     Defendants Carter and Hansen, individually and collectively have a duty to eliminate needless danger to members of the public and their employees which would result from knowingly placing their drivers in unsafe or hazardous driving conditions.

41.     Upon information and belief, it is the policy and practice of all trucking Defendants to use telecommunications systems to instruct their drivers as to road conditions and the need for alternate routes and as such the Defendants' drivers all relied upon their employers to inform them when hazardous conditions existed and whether to continue or avoid them.

42.     Upon information and belief, on the day of the Subject Accident, the hazardous road and weather condition data was captured, collected, and analyzed by Defendants Truckaway and Hansen.

43.     Defendants Truckaway and Hansen knew or should have known that weather conditions along the I80 corridor in southwestern Wyoming on the day of the accident were extremely poor with a large amount of accumulated snow and ice on the road and snow and blowing snow causing white-out conditions of almost zero visibility.

44.     Defendants Truckaway and Hansen knew or should have known that the extremely poor road and weather conditions created an unduly dangerous driving situation, which posed extreme risk of injury to members of the public and the Defendants' employees.

45.     The Defendants had the means and the ability to instruct their drivers to take an alternate route to avoid hazardous road and weather conditions or to stop and wait for conditions to improve.

46.     Upon information and belief, on the day of the Accident Defendants Truckaway

and Hansen did not instruct their drivers to take alternate routes, or to stop and wait for conditions to improve, or to otherwise avoid the hazardous conditions.

47.    Upon information and belief, Defendant Lomeli was driving too fast for conditions, did not maintain a safe and proper stopping distance, and failed to maintain control of his vehicle prior to the crash.

## DUTIES

48.    Defendant Truckaway has a duty to supervise and ensure that its employee truck drivers are properly screened, licensed, and trained to drive safely and abide by all applicable Federal and State laws and regulations.

49.    Defendant Truckaway has a duty to the public to avoid knowingly placing their commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury to members of the public.

50.    Defendant Truckaway, as an interstate carrier, is subject to the laws, rules, and regulations set forth in the Federal Motor Carrier Safety Act.

51.    Upon information and belief, Defendant Carter, acted in accordance with his training, supervision and instructions he received from his employer and that his actions and the manner of doing of his actions which led or contributed to the Subject Accident were authorized and approved by Defendant Truckaway.

52.    Defendant Hansen has a duty to supervise and ensure that its employee truck drivers are properly screened, licensed, and trained to drive safely and abide by all applicable Federal and State laws and regulations.

53.    Defendant Hansen has a duty to the public to avoid knowingly placing their commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk

of serious injury to members of the public.

54.     Defendant Hansen, as an interstate carrier, is subject to the laws, rules, and regulations set forth in the Federal Motor Carrier Safety Act.

55.     Upon information and belief, Defendant Hansen, acted in accordance with his training, supervision and instructions he received from his employer and that his actions and the manner of doing of his actions which led or contributed to the Subject Accident were authorized and approved by Defendant Hansen.

56.     Defendant Lomeli had a duty to maintain a safe and proper stopping distance and control of his vehicle under Wyoming State law.

### FIRST CAUSE OF ACTION
*(Negligence - Gerald Carter)*

57.     Plaintiffs incorporate, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

58.     Defendant Carter had a duty of reasonable care owed to Plaintiffs and other members of the public to safely and properly operate his commercial motor vehicle.

59.     Defendant Carter failed to drive at a safe and reasonable speed in hazardous conditions at the time of the crash.

60.     Defendant Carter failed to maintain control of his CMV resulting in a loss of control which set off a chain reaction of collisions involving the Plaintiff and multiple vehicles.

61.     As a direct and proximate result of Defendant Carter's negligence, Plaintiff Joe Galvin suffered and continues to suffer severe and permanent personal injuries, damages, and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## SECOND CAUSE OF ACTION
### *(Vicarious Liability - Dealer's Choice Truckaway System, Inc.)*

62.     Plaintiffs incorporate, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

63.     Upon information and belief, Defendant Carter was employed by Defendant Truckaway at all times relevant to the facts and allegations in this complaint.

64.     Upon information and believe, Defendant Truckaway is vicarious liable for the negligent acts and omissions of its driver Defendant Gerald Carter.

65.     Further, upon information and belief, Defendant Truckaway is vicariously liable for the reckless, willful and wanton conduct of its employee Defendant Carter.

66.     Defendant Truckaway had a duty of reasonable care owed to Plaintiffs and other members of the public:

    a.   to hire competent, qualified, and safe employees;

    b.   to properly supervise and direct its employees in the operation of their jobs;

    c.   to properly train its employees;

    d.   to provide safe and effective equipment which permits employees to safely operate on the roadways; and

    e.   to monitor road and weather conditions and to timely alert their drivers to allow them to reroute or suspend travel to avoid hazardous road and weather conditions.

67.     Upon information and belief, Defendant Truckaway breached its above mentioned duties by failing to exercise reasonable care in the hiring, supervision, direction, equipment, and training of Defendant Carter, specifically including but not limited to:

a.   Willfully, wantonly, knowingly, and recklessly failing to properly supervise and reroute its Driver to avoid hazardous and unsafe road and weather conditions;

b.   Failing to properly train its employees to avoid hazardous and unsafe road conditions and to abide by all laws, regulations and industry standards for the safe operation of commercial motor vehicles in hazardous road and weather conditions;

c.    Failing to reroute their employee to avoid hazardous road and weather conditions when their presence on the highway created additional hazard and foreseeable risk of injury to its employees and members of the public.

68.    Defendant Truckaway's actions and omissions in failing to properly train, direct, supervise, and route its employees were the proximate cause of injuries, losses, and damages suffered by the Plaintiffs.

69.    As a direct and proximate result of Defendant Truckaway's negligent hiring, supervision, direction, and training of Defendant Carter, Defendant Truckaway is vicariously liable for the reckless, willful, wanton conduct of Defendant Carter in his operation of his commercial motor vehicle.

70.    As a direct and proximate result of Defendant Truckaway's negligent hiring, supervision, direction and training, Plaintiffs suffered and continue to suffer severe and permanent personal injuries, damages, and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## THIRD CAUSE OF ACTION
### *(Negligence – Jerry Hansen d/b/a/ Hanson Trucking)*

71.     Plaintiffs incorporate, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

72.     Upon information and belief, Defendant Hansen was self-employed and holding himself out as d/b/a Hanson Trucking at all times relevant to the facts and allegations in this complaint.

73.     Upon information and believe, Defendant Hansen Trucking is vicarious liable for the negligent acts and omissions of its driver Jerry Hansen.

74.     Further, upon information and belief, Defendant Hansen Trucking is vicariously liable for the reckless, willful and wanton conduct of its employee Defendant Jerry Hansen.

75.     Defendant Jerry Hansen owed a duty to the traveling public to follow all Federal Motor Carrier Safety Regulations and Wyoming State Law in the operation of his CMV.

76.     Defendant Jerry Hansen was negligent in the operation of his CMV, in that he failed to maintain a proper lookout, a proper and safe stopping distance and failed to drive at a safe level of speed under the hazardous conditions at the time of crash.

77.     Defendant Hansen Trucking had a duty of reasonable care owed to Plaintiffs and other members of the public:

   a.   to hire competent, qualified, and safe employees;

   b.   to properly supervise and direct its employees in the operation of their jobs;

   c.   to properly train its employees;

   d.   to provide safe and effective equipment which permits employees to safely operate on the roadways; and

e.   to monitor road and weather conditions and to timely alert their drivers to allow them to reroute or suspend travel to avoid hazardous road and weather conditions.

78.   Upon information and belief, Defendant Hansen Trucking breached its above mentioned duties by failing to exercise reasonable care in the hiring, supervision, direction, equipment, and training of Defendant Jerry Hansen, specifically including but not limited to:

a.   Willfully, wantonly, knowingly, and recklessly failing to properly supervise and reroute its Driver to avoid hazardous and unsafe road and weather conditions;

b.   Failing to properly train its employees to avoid hazardous and unsafe road conditions and to abide by all laws, regulations and industry standards for the safe operation of commercial motor vehicles in hazardous road and weather conditions;

c.   Failing to reroute their employee to avoid hazardous road and weather conditions when their presence on the highway created additional hazard and foreseeable risk of injury to its employees and members of the public.

79.   Defendant Hansen Trucking's actions and omissions in failing to properly train, direct, supervise, and route its employees were the proximate cause of injuries, losses, and damages suffered by the Plaintiffs.

80.   As a direct and proximate result of Defendant Hansen Trucking's negligent hiring, supervision, direction, and training of Defendant Hansen, Plaintiffs suffered and continue to suffer severe and permanent personal injuries, damages, and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## FOURTH CAUSE OF ACTION
### *(Negligence – Cesar Lomeli.)*

81.     Plaintiffs incorporate, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

82.     Defendant Lomeli had a duty of reasonable care owed to Plaintiffs and other members of the public.

83.     Upon information and belief, at the time of the crash, Defendant Lomeli failed to maintain a safe and proper stopping distance and failed to maintain control of his vehicle resulting in a secondary collision with Plaintiff Joe Galvin's vehicle.

84.     As a direct and proximate result of Defendant Lomeli's negligence, Plaintiffs suffered and continue to suffer severe and permanent personal injuries, damages, and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

## DAMAGES

85.     Plaintiffs re-allege and incorporate by reference all statements and allegations contained in the numbered paragraphs above and further allege as follows:

86.     As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by all Defendants, Plaintiff, Joseph Galvin, suffered severe injuries, losses and harms.

87.     As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by all Defendants, Plaintiff, Erica Galvin, suffered loss of her husband's consortium, including but not limited to his care, comfort and society.

88.     As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by all Defendants, Plaintiff, Joseph Galvin, suffered loss of his wife's consortium, including but not limited to her care, comfort and society.

89.     Plaintiff Joe Galvin is entitled to collect the following damages:

(a) Pain, suffering and emotional distress, past and future;

(b) Loss of earnings and earning capacity, past and future;

(c) Loss of enjoyment of life, past and future;

(d) Medical expenses, past and future, including the cost of care, which can reasonably be expected to be incurred in the future in an amount to be set forth at trial;

(e) Loss of consortium;

(f) Disability and disfigurement;

(g) Exemplary damages because the Defendants acted in a reckless, willful, and wanton manner.

(h) Costs of this action and such other damages as are fair and just.

### JURY DEMAND

Plaintiffs hereby demand a six-person jury trial on all issues triable to a jury by filing this action in conjunction with the requisite fee.

**WHEREFORE,** Plaintiffs respectfully request monetary damages in an amount to fairly and justly compensate them for past and future injuries and damages, plus statutory interest from the date this cause of action accrued, pre-judgment interest, post-judgment interest, and interest as otherwise allowed by Wyoming law; court costs; costs; expert witness fees; deposition expenses; attorney fees if applicable; punitive damages; and for such other and further relief as the Court may deem just and proper.

Respectfully submitted this 18th day of April, 2022.

**JOSEPH GALVIN and**
**ERICA GALVIN**
**Plaintiffs**

_____
Grant H. Lawson WSB #6-4260
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY  82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
*Attorneys for Plaintiffs*